**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000007
05-MAR-2026
08:07 AM
Dkt. 45 SO**

NO. CAAP-24-0000007

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

TBC KOLOA TOWN, LLC, Plaintiff-Appellee, v.
PIZZETTA, INC.; JOHN HALTER, Defendants-Appellees, and
CATHERINE M. SHYNE, Defendant-Appellant, and
DOE DEFENDANTS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 5CCV-21-0000032)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and McCullen, JJ.)

Defendant-Appellant Catherine M. Shyne (**Shyne**) appeals from the December 4, 2023 Order Granting Plaintiff TBC Koloa Town LLC's [**TBC's**] Motion for Order of Contempt, Issuance of Bench Warrant, and Contempt Sanctions Against Defendants John Halter and Catherine M. Shyne Filed on October 6, 2023 (**Contempt Order**) filed by the Circuit Court of the Fifth Circuit (**Circuit Court**)[1] in favor of TBC.

Shyne raises five points of error on appeal, contending that the Circuit Court erred in: (1) granting TBC's motion for order of contempt; (2) not applying the rules regarding oral examination of a non-resident witness in the order to appear for

---

[1] The Honorable Kathleen N.A. Watanabe presided.

a debtor's examination issued against a non-resident judgment debtor; (3) not applying the rules regarding the deposition of a non-resident witness in the order to appear for a debtor's examination issued against a non-resident judgment debtor; (4) compelling a non-resident defendant to personally appear before the Circuit Court in Hawaiʻi; and (5) exercising jurisdiction outside Hawaiʻi by compelling a resident of Washington State to appear before the court for a judgment debtor's examination.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Shyne's points of error as follows:

First, we note that Shyne's Opening Brief – in particular, the Statement of Points of Error — is woefully non-compliant with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b). Although represented by counsel, Shyne has wholly failed to identify where in the record the Circuit Court's alleged errors occurred and where in the record the Circuit Court's alleged errors were objected to or the manner in which the alleged errors were brought to the Circuit Court's attention. See HRAP Rule 28(b)(4). The arguments contained in Shyne's Opening Brief are untethered to the points of error raised, provide scant and incomplete references to the parts of the record relied upon, and for the most part, do not identify the ruling or order professed to constitute reversible error. See HRAP Rule 28(b)(7). We nevertheless attempt to address the merits of Shyne's appeal.

We begin with points of error 2, 3, and 5, which raise various arguments that appear to challenge (on appeal) the Circuit Court's August 8, 2022 Order Granting [TBC's] Ex Parte Motion for Examination of Judgment Debtor (**Order for Judgment Debtor Exam**), which ordered Shyne to appear before the Circuit Court and to be orally examined on September 13, 2022. A certificate of service filed by TBC and an electronic notice filed in the Judiciary Electronic Filing System (**JEFS**) indicate that the Order for Judgment Debtor Exam was served on counsel of record for Shyne through JEFS. Shyne took no action prior to September 13, 2022, and did not appear.

Pointing to Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 69, Shyne argues, *inter alia*, that "the judgment creditor may obtain discovery from the judgment debtor in the manner provided in the rules for taking deposition" and that the Order for Judgment Debtor Exam was flawed because it ordered her examination in Hawaiʻi, not Washington State. However, as argued in TBC's Answering Brief, HRCP Rule 32(e)(1) provides that "[a]ll errors and irregularities in the notice for taking a deposition are waived unless written objection is promptly served upon the party giving notice." Here, notwithstanding a series of additional filings and proceedings related to the Order for Judgment Debtor Exam, Shyne did not raise any objection based on the location of the examination until well over a year later.[2]

---

[2] On September 20, 2023, Shyne filed a motion to quash the Order for Judgment Debtor Exam, as well as to quash an order to show cause why she should not be held in contempt of court (**Motion to Quash**). The Motion to Quash came on for hearing on October 25, 2023. The motion was denied, Shyne's judgment debtor exam was continued to November 2, 2023, and Shyne was allowed to appear remotely by Zoom, but did not appear. A written order denying the Motion to Quash was entered on November 2, 2023 (**Order Denying Motion to**
(continued...)

Shyne makes no argument on appeal that she timely raised written objections to the location noticed for her judgment debtor exam. We conclude that such arguments were waived.

We turn to point of error 4, in which Shyne argues that the Circuit Court erred in compelling a non-resident defendant to personally appear before the court in Hawaiʻi. As discussed above, Shyne fails to identify the order or orders challenged in this point of error or where in the record she raised an objection or brought the issue to the Circuit Court's attention. Shyne appears to argue that the Circuit Court lacked jurisdiction to require her to appear before the Circuit Court for a judgment debtor's exam, and cites Hawaiʻi Revised Statutes (**HRS**) § 603-21.9(3) (2016). As a party to this action, the Circuit Court has personal jurisdiction over Shyne and subject matter jurisdiction to issue orders in aid of its jurisdiction, and to take steps as may be necessary to carry into full effect the powers given to the court or for the promotion of justice in pending matters. See HRS §§ 603-21.9(1) & (6) (2016). The Circuit Court has each of these powers, and it would be an absurd result to conclude that the Circuit Court has no jurisdiction to make post-judgment, enforcement-related orders under HRS §§ 603-21.9(1) or (6). Indeed, the Circuit Court later ordered Shyne to appear for examination by Zoom, rather than by personal attendance. Shyne

---

² (...continued)
**Quash**). On this appeal, Shyne does not mention, let alone challenge, the November 2, 2023 Order Denying Motion to Quash, and does not provide a transcript for the November 2, 2023 hearing. Any challenge to the Order Denying Motion to Quash is waived. See HRAP Rule 28(b)(4) & (7).

makes no argument that the Circuit Court lacked jurisdiction to proceed in this manner. We cannot conclude that the Circuit Court erred in compelling Shyne to appear for a judgment debtor examination based on a lack of jurisdiction.

Finally, we address point of error 1, in which Shyne argues that the Circuit Court erred in entering the Contempt Order.

Shyne first argues that she should not be held liable for contempt because TBC failed to follow proper procedures in noticing the judgment debtor exam in Hawaiʻi, rather than Washington State. As discussed above, Shyne waived her objections to the Order for Judgment Debtor Exam based on the location specified in the order. Accordingly, we conclude that this basis for setting aside the Contempt Order is without merit.

Shyne also argues that TBC is not entitled to attorneys' fees and costs under HRCP Rule 37(d), as ordered in the Contempt Order. Shyne submits that the general rule is that it is presumed that a deposition will take place at the location of the residence of the person to be deposed or examined, and therefore, TBC did not follow proper procedure and is not entitled to attorneys' fees stemming from her failure to appear. This is simply another facet of the same argument. As discussed above, Shyne waived her objections to the Order for Judgment Debtor Exam based on the location specified in the order. Accordingly, we conclude that this basis for setting aside the Contempt Order is without merit.

Shyne presents no other discernible argument warranting the set aside of the Contempt Order.

For these reasons, the Circuit Court's December 4, 2023 Contempt Order is affirmed.

DATED:  Honolulu, Hawaiʻi, March 5, 2026.

On the briefs:

David R. Squeri,
Carlo Reyes,
(Greater Pacific Law Office,
LLLC)
for Defendant-Appellant.

Calvert G. Chipchase,
Michael R. Soon Fah,
(Cades Schutte)
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge